**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| YUQI YU,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>Defendants. | Case No.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Yuqi Yu hereby brings the present action against the entities identified on Schedule A attached hereto and as further identified below, and complains as follows:

## I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 *et seq*., 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants because Defendants structure their business activities to target consumers in the United States, including Illinois, through at least the fully interactive e-commerce stores operating under the seller aliases identified herein and any further aliases to be discovered. Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and on information and

belief have sold products which infringe Plaintiff's Patent to residents of Illinois. Defendants have thus committed tortious acts in Illinois, are engaging in interstate commerce, and have wrongfully caused Plaintiff substantial injury in the state of Illinois.

3. Alternatively, jurisdiction over Defendants is appropriate under the Federal Long Arm provisions of Fed. R. Civ. P. 4(k)(2). Specifically, as a foreign entity or entities with no known established domestic presence, Defendants have nebulous contacts with each of the United States. To the extent Defendants' contacts with the State of Illinois are insufficient to confer jurisdiction under the State's long-arm statute, jurisdiction would similarly fail in each other State. The exercise of jurisdiction over Defendants, however, is consistent with the Constitution and laws of the United States. In particular, Defendants seek out the United States market through their online e-commerce activity and thus should expect to be hailed into the Courts of the United States when that activity gives rise to claims. Consequently, because Plaintiff's claims arise under federal law, personal jurisdiction is alternatively proper under Fed. R. Civ. P. 4(k)(2).

## II. PARTIES

4. Plaintiff, Yuqi Yu is an individual residing in the People's Republic of China.

5. Plaintiff is the lawful owner by way of assignment of all right, title, and interest in U.S. Patent No. D1,135,336 attached as **Exhibit 1** ("Plaintiff's Patent" or the "D'336 Patent"), including the right to sue for past damages. A true and correct copy of Plaintiff's Patent is attached hereto as **Exhibit 1**.

6. Plaintiff's Patent was issued on July 1, 2026. *See* **Exhibit 1**.

7. Plaintiff's Patent was and is valid and enforceable at all times relevant to this action and is entitled to a presumption of validity under 35. U.S.C. § 282.

8. In general, Plaintiff's Patent is directed toward an innovative ornamental design for a shoe. As shown in, for example, Fig. 1 of Plaintiff's Patent (copied below), the claimed design includes unique ornamental features such as a dial located on the shoe's tongue, lace anchors on the top surface of the shoe, a rear heel loop, ornamental bumps and ridges on the shoe's side and sole, as well as other ornamental features.



FIG. 1

9. Defendants are believed to be individuals or informal business entities who reside in foreign jurisdictions, specifically the People's Republic of China. Defendants conduct business or assist in business activity conducted throughout the United States (including within the State of

Illinois and this Judicial District) through the manufacturing, online advertising and offering for sale, and importation and distribution of shoes that incorporate the same design claimed in the D'336 Patent and as further identified below (Infringing Products). Each Defendant has targeted the United States, including Illinois specifically, by selling or offering for sale, or knowingly assisting others to sell or offer to sell, Infringing Products to U.S. consumers, including consumers located in Illinois, via various online stores.

10. Any known contact information for Defendants is shown in the attached Schedule A. However, the contact information is incomplete and cannot be verified at this time. For example, while Amazon lists business names and business addresses for sellers, that information is often provided in Chinese and is unverified. Meanwhile, Shein does not publicly display any contact information for sellers.

11. From the available contact information, it appears that all of the Defendants are a closely related group of entities. Beyond merely selling the same Infringing Products, the Defendants share identical or closely related contact information indicating that they are likely related entities or share a common control group (such as, for example, being ostensibly run by individuals but actually being controlled by a common employer of those individuals).

12. For example, the Temu Stores identified as Defendants No. 33 and 35 (Temu ID Numbers 634418218819038 and 634418219246072) list the same business name and address in their seller profiles. Meanwhile, Defendants No. 28 and 44 (Temu ID Numbers 634418218639542 and 634418219607407) list a different business name, but nearly the same address as that of Defendants No. 33 and 35 (differing only in the inclusion of a specific room number within the same unit of the same floor of the same building). Defendant No. 29 also provides this same address despite being, ostensibly, a third business.

13. Likewise, Defendants 23 and 37 (Temu ID Numbers 634418216450955 and 634418216820359) list the same business name and address.

14. Defendant No. 4 (an Amazon seller with Seller ID A3PBXN81UMX2XP) lists an address in Chinese that appears to be at No. 19 Xinghua Road in Jinhua City, Zhejiang, China while Defendant No. 10 (a TikTok Shop assigned Number 7496228962961427157) also lists its address at No. 19 Xinghua Road, in Jinhua, Zhejiang, China. The addresses only differ by room or office number and, as explained *infra*, the Defendants are each selling the same Infringing Product. The close similarity of the addresses while selling the identical product supports an inference that the operators of the account are related, perhaps being employees or sales associates of the same company operating across multiple floors of a building with the separate "businesses" being listed under different individual's office numbers.

15. Defendants 39 and 43 (Temu IDs 634418225017188 and 634418226283995) provide slightly different transliterated business names and nearly identical addresses (same room, same building, same street, same village, same province, and same city) but seem to simply provide slightly different naming conventions.

16. Finally, several Defendants appear to be the same entity operating across multiple platforms. For example, Defendant Nos. 21 and 30 both operate under the name PEINUO SHOES with one operation on Shein and the other on Temu while Def. No. 12 uses the name SafeStep on Shein and Def 44 uses the name SafeStep Gear on Temu. Because Shein does not publicly display contact or business information for sellers, the correlations cannot yet be confirmed. However, the close similarity of seller names combined with the act of selling the same Infringing Product strongly suggests that the seller accounts are owned or controlled by the same entity or entities.

17. After untangling this web of purported business entities, the only conclusion that can be drawn is that a single entity or, at most, a small group of related entities appears to be operating or controlling each of the accounts associated with the Defendants identified on Schedule A.

18. Each Defendant operates a fully interactive e-commerce store on one or more online marketplace (*e.g.*, Amazon, Temu, Shein, TikTok). The Seller IDs for each Defendant's store is listed in the attached Schedule A, along with screenshots of the respective stores and the product listings for the Infringing Products.

19. Through their fully interactive e-commerce sites operating on the various marketplaces, Defendants each sell one or more variations of shoes that infringe upon Plaintiff's Patent. The "variations" of infringing shoes are not separate products but rather the same product with different parameters that are not relevant to an infringement analysis. For example, several of the Defendants offer the Infringing Product in grey and black and some also offer the Infringing Product in Khaki and White/Black. Moreover, Defendants offer the Infringing Product in various sizes. The D'336 Patent does not claim colors and is not limited to a particular size of shoe.

20. Some of the marketplaces assign separate Product IDs to each variation (*e.g.*, color and size) of the Infringing Product while others use the same Product ID or sku regardless of the variation. For example, Defendant No. 1 "Feifei Shoes" currently offers the Infringing Product in 48 different combinations of color and size and Amazon has assigned a separate Amazon Standard Identification Number (ASIN) to each combination. *See* Schedule A at p. 3. Conversely, TikTok uses the same product number in the listings for the Accused Product regardless of the size or color being purchased. The known Product ID(s) being used by each Defendant are listed in the attached Schedule A.

21. Neither size nor color is claimed in the D'336 Patent and neither impacts an infringement analysis. That is, each combination of size and color of the Infringing Product is the same product for purposes of infringement and each infringes the D'336 Patent.

22. Likewise, while Defendants offer the Infringing Product under various titles or names, the shoes themselves appear to be identical and likely sourced from a single manufacturer or a small set of related manufacturers.

23. Defendants may sell additional variations of the Infringing Product (such as additional sizes, color variations, etc.) that have yet to be discovered and may additionally sell the Infringing Product through other marketplaces or under other store fronts. Consequently, the list of Product IDs contained in Schedule A should not be considered exhaustive of all variations of the Infringing Product.

24. For purposes of evaluating joinder, each Infringing Product sold by each Defendant infringes the D'336 Patent in the same way. Consequently, the claims against each Defendant arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling the same accused product. *See* 35 U.S.C. § 299.

25. Tactics used by Defendants to conceal their identity and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identity or identities and the exact interworking of their infringing network (*i.e.*, whether two Defendant stores are actually operated by a single entity, whether any two or more Defendants operate in conjunction with other infringers, acts as a distributor for a larger infringer, manufactures products for infringers, etc.). In fact, from available information, it is not even clear whether each Defendant is an entity unto itself or whether one or more Defendant is a d/b/a of another entity, a wholly owned

subsidiary of another entity, or has some other relationship that might be relevant to the issues presented in this case. If Defendants provide additional credible information regarding their identity or demonstrate that the e-commerce stores described herein are owned or operated by other entities, Plaintiff will take appropriate steps to amend the Complaint as necessary.

## III. INTRODUCTION

26. Plaintiff filed this case to prevent Defendants' ongoing infringement of Plaintiff's Patent through continued sales and offers to sell infringing products including the Infringing Product shown in Schedule A. Defendants have created e-commerce stores under one or more Seller Aliases and then advertised, offered for sale, and sold Infringing Products to unknowing consumers.

27. Defendants take advantage of a set of circumstances, including the anonymity and mass reach afforded by the Internet and the cover afforded by international borders, to violate Plaintiff's intellectual property rights with impunity. Defendants attempt to avoid liability by operating under one or more Seller Aliases to conceal their identity, location, and the full scope and interworking of their infringing operation. Plaintiff is forced to file this action to combat Defendants' infringement of Plaintiff's patented invention and to protect consumers from purchasing Infringing Products over the internet. Plaintiff has been, and continues to be, irreparably damaged through erosion of Plaintiff's patent rights because of Defendants' actions and therefore seeks injunctive and monetary relief.

## IV. DEFENDANTS' UNLAWFUL CONDUCT

28. As outlined above, Defendants are selling the Infringing Products in various colors and size combinations. To the extent there are differences between the different colors and sizes,

such differences are insignificant for purposes of an infringement analysis. That is, each Infringing Product (including all color and size variants) incorporates the same infringing design.

29. The following claim chart demonstrates how the Infringing Product infringes upon the D'336 Patent:

| **D'336 Patent** | **Infringing Product[1]** |
|---|---|
|  FIG. 1 |  |
|   FIG. 2 |  |

[1] Exemplary photos are taken from a test purchase of the Infringing Product as listed by Defendant No. 4 under ASIN B0F9NDH246

| D'336 Patent | Infringing Product[1] |
| --- | --- |
|  FIG. 3 |  |

| D’336 Patent | Infringing Product[1] |
|---|---|
|  FIG. 4 |  |
|  FIG. 5 |  |

| D’336 Patent | Infringing Product[1] |
|---|---|
|  FIG. 6 |  |
|  FIG. 7 |  |

| D'336 Patent | Infringing Product[1] |
|---|---|
|  FIG. 8 |  |

| D'336 Patent | Infringing Product[1] |
|---|---|
|  FIG. 9 |  |

30. As shown above, the accused designs of the Infringing Product, when viewed as a whole and in light of the overall visual impression created by the claimed ornamental features, are substantially the same as the claimed design such that an ordinary observer familiar with the relevant prior art would be deceived into believing that the accused design is the patented design.

31. Infringers such as Defendants typically operate under multiple seller aliases and payment accounts or create subsidiaries or related accounts that may be controlled by employees or other related users. Infringers take these steps so that they can continue operation despite enforcement efforts. If one account or alias is shut down, the infringer simply continues operating under a different alias or account. E-commerce store operators like Defendants also maintain offshore bank accounts and regularly move funds from their financial accounts to offshore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to plaintiffs.

32. On information and belief, Defendants have knowingly and willfully applied the patented design, or a colorable imitation thereof, to the Infringing Products and/or have knowingly and willfully manufactured, imported, distributed, offered for sale, and/or sold the Infringing

Products. Defendants, without any authorization or license from Plaintiff have thus knowingly and willfully infringed Plaintiff's Patent in connection with the use and/or manufacturing of the Infringing Products and distribution, exporting/importing, offering for sale, and sale of the Infringing Products into the United States and Illinois over the Internet.

33. On information and belief, Defendants' infringement is willful. Plaintiff presently lacks access to information concerning Defendants' knowledge of the D'336 Patent and the circumstances surrounding Defendants' adoption and continued sale of the Infringing Products. Plaintiff expects discovery to establish the extent of Defendants' knowledge and the circumstances supporting enhanced damages.

34. Defendants' unauthorized use and/or manufacturing of the claimed design in Plaintiff's Patent in connection with the distribution, exporting/importing, offering for sale, and sale of the Infringing Products into the United States, including Illinois, is likely to cause, and has caused, erosion of Plaintiff's patent rights and is irreparably harming Plaintiff.

35. Defendants' Infringing Products incorporate a design that is substantially the same as the ornamental design claimed in the D'336 Patent. When the claimed design and the accused shoes are viewed as a whole, including their respective overall shape, configuration, proportions, contours, surfaces, and arrangement of ornamental features, the designs create substantially the same overall visual impression.

36. An ordinary observer familiar with the relevant prior art, giving the attention ordinarily given by a purchaser of the relevant products, would be deceived into believing that the accused shoe design is the design claimed in the D'336 Patent. The similarities arise from the overall ornamental appearance of the claimed design and are not merely similarities in isolated functional features.

37. Defendants have applied the patented design, or a colorable imitation thereof, to articles of manufacture for the purpose of sale and have sold and offered for sale such articles in the United States, including through the online marketplace accounts identified in Schedule A. Defendants' acts constitute infringement under 35 U.S.C. § 271(a) and subject Defendants to the remedies available under 35 U.S.C. §§ 283–289.

**COUNT I**
**PATENT INFRINGEMENT (35 U.S.C. § 271) – THE D'336 PATENT**

38. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

39. As shown, Defendants are knowingly and willfully manufacturing, importing, distributing, offering for sale, and/or selling infringing products.

40. Defendants have infringed and continue to infringe Plaintiff's Patent by making, using, importing, selling, and/or offering to sell the Infringing Products identified in Schedule A in the United States without authorization or license from Plaintiff.

41. Specifically, Defendants have applied the patented design, or a colorable imitation thereof, to shoes for the purpose of sale and have sold and offered for sales such shoes and Infringing Products in the United States.

42. Pursuant to 35 U.S.C. § 289, Defendants are liable to Plaintiff to the full extent of Defendants' total profits, but not less than $250.

43. Additionally, Defendants may be selling the Infringing Products under other as-yet-unknown product IDs that will be identified after a reasonable opportunity to take discovery.

44. Defendants have profited from their infringement of Plaintiff's Patent, and Plaintiff has suffered actual harm as a result of Defendants' infringement.

45. As a direct and proximate result of Defendants' infringement, Plaintiff has suffered irreparable harm and monetary and other damages in an amount to be determined. Defendants' infringement of Plaintiff's Patent in connection with the offering to sell, selling, or importing of the Infringing Products, including such acts into the State of Illinois, is irreparably harming Plaintiff. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions.

46. On information and belief, Defendants' infringement has been and continues to be willful. Accordingly, Plaintiff is entitled to treble damages under 35 U.S.C. § 284 and this is an exceptional case under 35 U.S.C. § 285.

47. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless Defendants are preliminarily and permanently enjoined by this Court from continuing their infringement of Plaintiff's Patent, Plaintiff will continue to suffer additional irreparable harm, including erosion of patent rights.

48. Plaintiff is entitled to recover all damages and remedies available under 35 U.S.C. §§ 283–289, including, as applicable, Defendants' total profits attributable to the infringement pursuant to 35 U.S.C. § 289 and damages pursuant to 35 U.S.C. § 284, but in no event less than a reasonable royalty, subject to the prohibition against double recovery

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active

concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. Making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use any products that infringe upon Plaintiff's Patent; and

b. Aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon Plaintiff's Patent.

B. Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including without limitation, any websites and/or online marketplace platforms, such as Amazon, TikTok, Shein, and Temu, shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods that infringe Plaintiff's Patent.

C. That Judgment be entered against Defendants finding that they have infringed upon Plaintiff's Patent.

D. That Judgment be entered against Defendants finding that infringement of Plaintiff's Patent has been willful.

E. That Plaintiff be awarded damages for such infringement in an amount to be proven at trial, in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284, together with interests and costs.

F. That Plaintiff be awarded treble damages under 35 U.S.C. § 284 of all applicable damages for Defendants' willful infringement of Plaintiff's Patent.

G. A finding that this case is exceptional under 35 U.S.C. § 285.

H. That Plaintiff be awarded Defendants' total profits attributable to the infringement pursuant to 35 U.S.C. § 289, together with such other damages and remedies as may be available under 35 U.S.C. §§ 283–285, without double recovery.

I. That Plaintiff be awarded its reasonable attorneys' fees and costs.

J. Award any and all other relief that this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 19, 2026

Respectfully submitted,

/s/ Benjamin A. Campbell
Edward L. Bishop
ebishop@bdl-iplaw.com
Benjamin A. Campbell
bcampbell@bdl-iplaw.com
Brockton D. Ash
bash@bdl-iplaw.com
BISHOP & DIEHL, LTD.
1320 Tower Road
Schaumburg, IL 60173
Tel.: (847) 969-9123

*Counsel for Plaintiff*